IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DE'ARIS R. TRICE,

Petitioner,

vs.

SCOTT FRAKES, Director of Nebraska Department of Correctional Services;

Respondent.

**8:19CV562**

**MEMORANDUM AND ORDER**

This matter is before me on Respondent's Motion for Summary Judgment. (Filing 9.) Respondent argues Petitioner De'Aris R. Trice's Petition for Writ of Habeas Corpus (filing 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). I agree and will dismiss the petition with prejudice.

## I. SUMMARY JUDGMENT PROCEDURE IN HABEAS PROCEEDINGS

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment motions. Rule 56 applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."). However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules." Brian R. Means, Federal Habeas Manual § 8:36.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986). "If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted." *Smith-Bunge v. Wisconsin Cent., Ltd.*, 946 F.3d 420, 424 (8th Cir. 2019).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

This court's local rules further specify that "[t]he moving party must include in the brief in support of the summary judgment motion a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR 56.1(a)(1). "The statement of facts should consist of short numbered paragraphs, each containing pinpoint references to affidavits, pleadings, discovery

responses, deposition testimony (by page and line), or other materials that support the material facts stated in the paragraph." NECivR 56.1(a)(2) (underlining in original). In addition, the court's local rules provide that "[a]n affidavit must identify and authenticate any documents offered as evidence." NECivR 7.1(a)(2)(C); *see also* NECivR 56.1 ("Unless this rule states otherwise, the procedures of Nebraska Civil Rule 7.1 apply to summary judgment motions.").

## II. EVIDENCE PRESENTED

In this case, Respondent filed a brief in support of his motion for summary judgment (filing 11) and a Designation of State Court Records (filing 10) in accordance with the progression order entered on May 14, 2020 (filing 6). Respondent's brief contains a separate, 7-paragraph statement of material facts with references to the record. (Filing 11 at CM/ECF pp. 1–2.) The documents referenced include copies of the Nebraska Supreme Court's opinions in both of Trice's direct appeals (filings 10-5 & 10-6) and certified copies of the docket sheets in Trice's second direct appeal and postconviction appeal and the transcript from Trice's postconviction appeal (filings 10-2, 10-3, & 10-4).[1]

Trice filed a brief in opposition to Respondent's summary judgment motion. (Filing 12.) Trice generally disputes Respondent's statement of facts, arguing that "[t]he records/documents relied upon/cited by the Respondent in his statement of material facts, were not identified and authenticated by affidavit," and "[t]hus, as far as paragraphs 1-6 of the Respondent's statement of material facts is concerned, those assertions of fact are unsupported by admissible evidence and should not bear any weigh[t] in the consideration of the Respondent's motion for summary judgment." (*Id*. at CM/ECF p. 2.) Trice relies on NECivR 7.1(a)(2)(C), discussed above, and *Stuart v. General Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000), which states, "To be considered on summary judgment, documents must be

[1] Within the Designation of State Court Records, Respondent also included a JUSTICE printout (obtained from https://www.nebraska.gov/justice/) dated June 24, 2020, containing a complete list of actions taken in *State v. Trice*, Case No. CR11-13, in the District Court of Madison County, Nebraska. (Filing 10-1.) However, Respondent does not cite to this exhibit in support of his statement of material facts. (*See* Filing 11.)

authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e).[2] Documents which do not meet those requirements cannot be considered."

Trice is correct that this court's local rules require an affidavit identifying and authenticating any documents offered as evidence in support of a summary judgment motion. NECivR 7.1(a)(2)(C); NECivR 56.1. *See also PW Eagle, Inc. v. Schnase*, 376 F. Supp. 2d 945, 946 (D. Neb. 2005) ("The local rules require that documents used as evidence to support or oppose a motion must be authenticated by affidavit."); *Hillard v. Clarke*, 245 F.R.D. 419, 420 (D. Neb. 2007) (same). However, as this is a habeas proceeding, summary judgment principles apply only to the extent they are not inconsistent with the governing statutes and the Rules Governing Section 2254 Cases. *See* Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts*; Fed. R. Civ. P. 81(a)(4).

Title 28 U.S.C. § 2254(g) reads as follows:

> A copy of the official records of the State court, duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual

---

[2] Former Rule 56(e) required that "'[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.'" *Ways v. City of Lincoln*, No. 4:00CV3216, 2002 WL 59450, at *3 (D. Neb. Jan. 16, 2002) (quoting former Fed. R. Civ. P. 56(e)). However, Rule 56 was amended in 2010 to eliminate the requirement of a formal affidavit (by allowing a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit, as provided in 28 U.S.C. § 1746), and to no longer require that the document be attached to the affidavit (as being unnecessary because of the new requirement of subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record). *See* Fed. R. Civ. P. 56, Advisory Committee Notes, *2010 Amendment*, *Subdivision (c)(4)*. "The amendment did not eliminate the authentication requirement, however." *Awnings v. Fullerton*, No. 4:15CV3078, 2017 WL 3172989, at *2 n.4 (D. Neb. July 25, 2017), *aff'd*, 912 F.3d 1089 (8th Cir. 2019) (citing *Edwards v. Hiland Roberts Dairy, Co.*, 860 F.3d 1121, 1127 (8th Cir. 2017) (finding no error in district court's refusal to consider unauthenticated exhibit filed in opposition to motion for summary judgment)).

> determination by the State court shall be admissible in the Federal court proceeding.

Additionally, Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that, when responding to a habeas petition, a respondent

> must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts . . . .

Read together, these provisions require that a respondent produce certified copies of state court records that the responding party deems relevant as well as portions of the record ordered by the court. *See Flamer v. Chaffinch*, 774 F. Supp. 211, 215 (D. Del. 1991).

Here, the court directed Respondent to file "any state court records that are necessary to support the motion [for summary judgment]." (Filing 6 at CM/ECF p. 2.) Respondent has filed certified copies of state court records (filings 10-2 through 10-4) that are clearly admissible pursuant to 28 U.S.C. § 2254(g). Moreover, the purpose behind Nebraska Civil Rule 7.1(a)(2)(C) of identifying and authenticating documents offered as evidence is satisfied where the state court records are produced in certified form. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).[3] Rule 902(4) of the Federal Rules of Evidence provides that a certified copy of a public record is self-authenticating.[4]

---

[3] The Federal Rules of Evidence apply to habeas proceedings. *Armstrong v. Kemna*, 534 F.3d 857, 867 (8th Cir. 2008) (citing Fed. R. Evid. 1101(e)).

[4] Rule 902(4) provides that "[a] copy of an official record—or a copy of a document that was recorded or filed in a public office as authorized by law—if the copy

Lastly, even if the state court records offered by Respondent have not been properly authenticated, this court is entitled to take judicial notice of public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (court may take judicial notice of public records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court "may take judicial notice of judicial opinions and public records"); *see also Oliveira-Coutinho v. Frakes*, No. 4:15CV3159, 2018 WL 10705069, at *1 n.1 (D. Neb. Feb. 15, 2018). In Nebraska, court records are public records. Neb. Op. Att'y Gen. No. 97055, 1997 WL 643407, at *3 (Oct. 16, 1997) ("records of the court . . . are subject to the Public Records Statutes"); Neb. Rev. Stat. § 84-712.01(1) (West 2020) (defining public records as "all records and documents . . . belonging to this state . . . or any agency, branch, department, board, bureau, commission, council, subunit, or committee of any of the foregoing"); Neb. Ct. R. § 1-809(A) (West 2020) ("Electronic court records and information accessed at courthouse public access terminals will be available for public access in the courthouse during regular office hours."). Thus, I will take judicial notice of, and consider for purposes of this summary judgment motion, the certified copies of state court records (filings 10-2, 10-3, and 10-4) and the copies of the Nebraska Supreme Court's opinions in Trice's two direct appeals (filings 10-5 & 10-6).

## III. UNCONTROVERTED FACTS

The following facts are not in dispute:

1. Following a bench trial, Trice was convicted of second degree murder for the killing of Timothy Warren on December 26, 2010. *State v. Trice*, 874 N.W.2d 286, 291 (Neb. 2016); (Filing 10-6 at CM/ECF p. 4.) The state district court sentenced Petitioner to a prison term of 40 years to life. *Id*. That was Petitioner's second conviction and sentence for Warren's killing; the first

---

is certified as correct by: (A) the custodian or another person authorized to make the certification; or (B) a certificate that complies with Rule 902(1), (2), or (3), a federal statute, or a rule prescribed by the Supreme Court" is "self-authenticating" and "require[s] no extrinsic evidence of authenticity in order to be admitted."

conviction and sentence was reversed on appeal. *Id*.; *see also State v. Trice*, 835 N.W.2d 667 (Neb. 2013); (Filing 10-5.)

2. Trice timely appealed his conviction and sentence. (Filing 10-2.) On January 15, 2016, the Nebraska Supreme Court affirmed Trice's conviction and sentence. (*Id*. at CM/ECF p. 4; Filing 10-6.)

3. On March 9, 2018, Trice filed a motion for postconviction relief in the state district court. (Filing 10-4 at CM/ECF pp. 4–47.) The state district court denied that motion as time-barred. (*Id*. at CM/ECF pp. 52–56.)

4. Trice timely appealed the state district court's order denying his motion for postconviction relief. (Filing 10-3.) On June 7, 2019, the Nebraska Supreme Court granted the State's motion for summary affirmance, and the case was mandated on June 24, 2019. (*Id*. at CM/ECF p. 4.)

5. On December 26, 2019, Petitioner filed his habeas petition in this court. (Filing 1).

## IV. ANALYSIS

### A. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Trice's conviction became final on April 14, 2016, which is ninety days after the Nebraska Supreme Court affirmed Trice's conviction and sentence on direct appeal on January 15, 2016, and Trice's deadline to petition for a writ of certiorari with the United States Supreme Court expired. *See Gonzalez v. Thaler*, 656 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King*, 666 F.3d at 1135 ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Accordingly, the one-year limitations period began to run from April 14, 2016.

Trice's filing of his motion for postconviction relief in state district court on March 9, 2018, did not toll the limitations period because it had already expired. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year

period”). Thus, Trice had until April 14, 2017, to file his habeas petition. He did not file it until over two years later on December 26, 2019. Trice’s habeas petition is, therefore, untimely under § 2244(d)(1)(A).

**B. Equitable Tolling and Actual Innocence**

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: “(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.” *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In addition, in *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

Trice does not argue that he is entitled to equitable tolling. As such, Trice has not presented the court with any reason to warrant the application of equitable tolling to the limitations period. Liberally construed, Trice asserts that the miscarriage of justice exception applies to excuse the procedural bar of the statute of limitations because he is making a facial challenge to the constitutionality of the statute of conviction. (Filing 12 at CM/ECF pp. 5–18.) Specifically, Trice argues that Neb. Rev. Stat. § 28-304(1), which defines murder in the second degree, is unconstitutionally vague as it “does not provide a fair warning to defendants and the public as to the fact that distinguishes it from [Neb. Rev. Stat.] § 28-305(1)—the intentional manslaughter offense,” i.e. the “absence of a sudden quarrel.”[5] (Filing 1 at CM/ECF p. 11; *see also id*. at CM/ECF pp. 3–11.)

[5] Section 28-304 states that “[a] person commits murder in the second degree if he causes the death of a person intentionally, but without premeditation.” Neb. Rev. Stat. § 28-304(1). Section 28-305 provides that “[a] person commits manslaughter if he or she kills another without malice upon a sudden quarrel or causes the death of another unintentionally while in the commission of an unlawful act.” Neb. Rev. Stat. § 28-305(1).

To invoke the actual innocence exception, a petitioner must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 329. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (citation omitted). "Courts have permitted petitioners to collaterally attack convictions on the basis of intervening decisions modifying the substantive criminal law defining the offense, despite procedural default, if the petitioner makes a showing of actual innocence—that the petitioner did not commit the offense as modified by a change in law that decriminalizes the conduct." *Robinson v. Sabatka-Rine*, No. 8:13CV197, 2016 WL 5254825, at *9 (D. Neb. Sept. 22, 2016) (citing *United States v. Morgan*, 230 F.3d 1067, 1070 (8th Cir. 2000)).

Here, Trice's argument is one of legal innocence, not factual innocence. Trice's actual innocence claim based on the alleged unconstitutionality of Neb. Rev. Stat. § 28-304(1) fails as he does not set forth, nor is the court aware of, any "intervening controlling precedent between the time of [Trice's conviction and sentence] and collateral proceedings that has clearly established [Trice's] actions do not constitute a crime and thus that he is actually innocent of the charged offense."[6] *Morgan*, 230 F.3d at 1070. Rather, Trice bases his facial constitutional

[6] The Nebraska Supreme Court has specifically rejected similar constitutional challenges to those made here by Trice. *See State v. Thomas*, 278 Neb. 248, 769 N.W.2d 357 (2009) (Second-degree murder statute, absent requirement of malice, is not unconstitutionally vague by reason of its similarity to the crime of manslaughter; statute provided with reasonable clarity that the intentional killing of another may be criminal, prohibited conduct was of a sort known among the lay public to be criminal, and the differences between manslaughter and second degree murder is apparent from the plain language of the statutes.); *State v. Caddy*, 262 Neb. 38, 45–46, 628 N.W.2d 251, 258–59 (2001) (holding Neb. Rev. Stat. § 28-304 is not unconstitutionally vague because, "even if Caddy is correct in arguing that there is ambiguity between §§ 28–304 and 28–305, there is still little question whether § 28–304 provides with reasonable clarity that the intentional killing of another may be criminal. If the general class of offenses to which a statute is directed is plainly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubts might arise. This is particularly so

challenge to Neb. Rev. Stat. § 28-304(1) on the Nebraska Supreme Court's decision in *State v. Smith*, 806 N.W.2d 383 (2011),[7] which was decided prior to Trice's conviction becoming final. Indeed, Trice received the benefit of the *Smith* decision when his initial conviction was reversed and remanded for a new trial because the jury had not been properly instructed on the interplay between second degree murder and manslaughter as required by *Smith*. (Filing 10-5; *see also* Filing 10-4 at CM/ECF p. 54 (rejecting Trice's state postconviction argument for a new trial due to a constitutional rule change based on *Smith* because "the trial court, during the second [bench] trial, knew the differences between the two crimes and ruled accordingly, when it found that 'the evidence does not support a finding that this killing was the result of a sudden quarrel or provocation, necessarily required for the commission of the crime of manslaughter under Nebraska law'").)

While he recognizes that his actual innocence claim "does not arise out of an intervening decision modifying the substantive criminal law defining the offense of conviction," Trice insists that his facial challenge excuses the procedural bar of the statute of limitations as conviction under an unconstitutional statute is void ab initio and constitutes "a complete miscarriage of justice." (Filing 12 at CM/ECF pp. 10–13.) However, the cases relied upon by Trice in support of his position arose in far different contexts than what is presented here. (*See id*. at CM/ECF pp. 5–18.) Moreover, I seriously doubt that the change in law in *Smith* can serve as both the basis for Trice's actual innocence gateway claim and for underlying

---

where, as here, whatever debate there is would center around the appropriate sentence, and not the criminality of the conduct." (citation omitted)). The court has considered these decisions and Trice's constitutional arguments and is not persuaded that the second-degree murder statute is unconstitutional. In sum, the underlying premise of Trice's actual innocence claim lacks merit.

[7] In *Smith*, the Nebraska Supreme Court held that the offense of manslaughter was an intentional killing without malice, upon a sudden quarrel. *Smith*, 806 N.W.2d at 394. Thus, the court concluded the step instruction given in *Smith* which "required the jury to convict on second degree murder if it found that [the defendant] killed [the victim] intentionally" was in error because "it did not permit the jury to consider the alternative possibility that the killing was intentional but provoked by a sudden quarrel, and therefore constituted manslaughter." *Id*. at 394.

habeas relief, particularly where *Smith* was decided well prior to Trice's conviction becoming final. *See Lund v. United States*, 913 F.3d 665, 667–69 (7th Cir. 2019) (petitioner not entitled to application of actual innocence exception to § 2255 habeas statute of limitations based on change in law because the court found it "doubtful" that a petitioner's actual innocence claim and claim for relief on the merits can be the same and because allowing the change in law "to serve as both the basis for actual innocence and the basis for relief would render this statute of limitations superfluous" where petitioner filed his habeas motion more than one year after the change in law occurred). After careful consideration, I conclude Trice has not presented the court with any reason to warrant the application of the miscarriage of justice exception.

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Trice has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing 9) is granted.

2. Petitioner's habeas petition is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 3rd day of December, 2020.

BY THE COURT:

Richard G. Kopf

Richard G. Kopf
Senior United States District Judge