IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DE'ARIS R. TRICE,<br><br>                Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, Director of Nebraska Department of Correctional Services;<br><br>                Respondent. | 8:19CV562<br><br>**MEMORANDUM AND ORDER** |

      This closed federal habeas matter under 28 U.S.C. § 2254 is before the Court on Petitioner De'Aris R. Trice's Motion for Rehearing, which the Court construes as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Filing No. 26. For the reasons below, the Motion will be denied.

## I. BACKGROUND

      On December 26, 2019, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for second degree murder for which he was sentenced to 40 years to life in prison. Filing No. 1. On December 3, 2020, the late Honorable Richard G. Kopf dismissed the petition with prejudice, concluding the petition was barred by the statute of limitations and Petitioner failed to establish that the miscarriage of justice exception applied to excuse the procedural bar. Filing No. 14. Petitioner appealed, and the Eighth Circuit Court of Appeals denied his application for a certificate of appealability and dismissed the appeal on June 1, 2021, and issued its mandate on June 22, 2021. Filing No. 24; Filing No. 25.

      Petitioner filed the present Motion for Rehearing on January 27, 2025. Filing No. 26. Liberally construed, Petitioner seeks relief from the judgment in this case because

most of his legal work has been lost or discarded by prison staff during moves and lockdowns; he was subject to lockdowns and could not go to the law library due to COVID 19 and the prison being short staffed "making [him] time barred"; he was prejudiced by the denial of DNA testing because "blood on the knife did not have the victim['s] DNA on it"; and the prosecutor violated his due process rights "when he told the jury it was a victim in my case." *Id*. at 1.

## II.  DISCUSSION

**A.  Standard for Review of Rule 60(b) Motion in Closed Habeas Proceeding**

A prisoner may file a second or successive petition under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." *Gonzalez [v. Crosby]*, 545 U.S. [524,] 530, 532 [(2005)]. "On the merits"

2

> refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].
>
> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id*. at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at n.4.

Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

### B. Successive Claims

Petitioner's claims based on the denial of DNA testing and the prosecutor's alleged improper comments to the jury raise grounds for relief from his judgment of conviction. Thus, the claims are successive as they seek to "contest[ ] the same custody imposed by the same judgment of [the] state court" that Petitioner challenged in his petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). The Court therefore lacks jurisdiction over these claims because Petitioner has not sought permission from the Eighth Circuit Court of Appeals to file these successive claims.

### C. Challenge to Statute-of-Limitations Bar

Petitioner also appears to argue that he was prevented from timely filing his habeas petition due to prison staff losing or discarding his legal paperwork and limited access to the law library due to the COVID 19 pandemic and prison staff shortages. Liberally construed, Petitioner seeks relief from Judge Kopf's previous ruling based on the statute-of-limitations bar and to have his habeas claims considered on the merits. To that extent, Petitioner's motion is properly considered as a motion for relief from judgment

3

under Rule 60(b), and the Court may consider Petitioner's arguments with respect to the statute-of-limitations determination.

Under Rule 60(b)(6), a court may grant a party relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under this catchall provision is available only in "extraordinary circumstances." Buck v. Davis, 580 U.S. 100, 124 (2017) (quoting Gonzalez v. Crosby, 545 U.S. 524 (2005)). Upon careful review, the Court finds Petitioner has failed to demonstrate any extraordinary circumstances that would entitle him to relief from the judgment under Rule 60(b)(6).

By all appearances, Petitioner's complaints regarding the loss of his legal paperwork and lack of access to the prison law library relate to the time period after he filed his petition on December 26, 2019. Petitioner asserts that, "during the time [he] was barred," he could not go to the law library due to lack of prison staff and because "COVID 19 happened," Filing No. 26 at 3, but nothing Petitioner states suggests that these events prevented him from timely filing his habeas petition. In particular, any restrictions on Petitioner's use of the law library due to the COVID 19 pandemic would have taken place beginning in March 2020, after he filed his petition. See Gen. Order. No. 2020-03 (Mar. 11, 2020, acknowledging U.S. declaration of public health emergency due to COVID-19). Indeed, such restrictions did not prevent Petitioner from filing his brief in opposition to Respondent's motion for summary judgment based on the statute-of-limitations bar. See Filing No. 12. Tellingly, the Petitioner did not raise these issues in his 2019 petition or briefing in his response to Respondent's motion for summary judgment. Filing No. 1; Filing No. 12. The Court has carefully reviewed the record in this case and agrees with Judge Kopf's conclusion that Petitioner's petition was barred by the one-year statute of

4

limitations in 28 U.S.C. § 2244(d). Petitioner has not presented any extraordinary circumstances warranting relief from Judge Kopf's previous determination. Accordingly,

IT IS ORDERED that: Petitioner's Motion for Rehearing, Filing No. 26, construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), is denied.

Dated this 7th day of August, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge