IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DE'ARIS R. TRICE,<br><br>             Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, Director of Nebraska Department of Correctional Services;<br><br>             Respondent. | 8:19CV562<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on Petitioner's Notice of Appeal and motion to appoint counsel, Filing No. 31, which Petitioner initially filed in the Eighth Circuit Court of Appeals on October 3, 2025, and which the Eighth Circuit construed as a notice of appeal and forwarded to this Court, *see* Filing No. 31 at 3. Also before the Court is a memorandum from the Clerk of the Court requesting a ruling as to Petitioner's authorization to proceed in forma pauperis on appeal. Filing No. 32. Liberally construed, Petitioner appeals from the Court's Memorandum and Order dated August 7, 2025, denying Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Filing No. 30. Petitioner also requests the appointment of counsel on appeal. Filing No. 31 at 1–2.

      As set forth in Federal Rule of Appellate Procedure 24(a)(3):

      (a) Leave to Proceed in Forma Pauperis . . .

> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>     (A) the district court--before or after the notice of appeal is

> filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . . .

The Court finds that because Petitioner proceeded IFP in the district court, he may now proceed on appeal in forma pauperis without further authorization.

Regarding Petitioner's request for appointment of counsel, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). *See also* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). The Court has carefully considered the record and finds the appointment of counsel is not warranted. The Court, therefore, will deny Petitioner's motion for the appointment of counsel, but such denial is without prejudice to Petitioner's reassertion of his motion before the Eighth Circuit Court of Appeals. Because Petitioner seeks counsel on appeal, he should address his request for counsel to the Eighth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that:

1. Petitioner may proceed on appeal in forma pauperis.

2. Petitioner's motion for appointment of counsel, Filing No. 31, is denied without prejudice to reassertion before the Eighth Circuit Court of Appeals.

Dated this 14th day of October, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge